**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------X
RODGER LECK,                                   Civil Action No.: 20-cv-18218-SRC-CLW

                 Plaintiff,

vs.

PETER KIBUNJA, MSAFIRI ENTERPRISES INC.,      **ANSWER with JURY DEMAND**
JOHN and JANE DOES 1-10 (fictitious unidentified
individuals) AND ABC CORPORATIONS 1-10,
(fictitious individuals, corporations or other business
entities presently unidentifiable),

                Defendants.
-------------------------------------------------------------X

TO:     Matthew V. Villani, Esq.
         Gelman, Gelman, Wiskow & McCarthy, LLC
         150 Morristown Road, Suite 103
         Bernardsville, NJ 07924

The defendants PETER KIBUNJA and MSAFIRI ENTERPRISES INC. by their attorneys, LAW OFFICES OF LORNE M. REITER, LLC, as and for their Answer with Jury Demand to the plaintiff's Complaint, allege upon information and belief as follows:

### AS AND FOR THE FIRST COUNT

1. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the First Count of the Complaint.

2. The answering defendants admit the allegations contained in paragraph "2" of the First Count of the Complaint.

3. The answering defendants deny the allegations contained in paragraphs "3", "4" and "5" of the First Count of the Complaint.

### AS AND FOR THE SECOND COUNT

1. The answering defendants repeat, reiterate and re-allege their answers to each and every allegation as contained in the First Count of the Complaint.

2. The answering defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Second Count of the Complaint.

3. The answering defendants deny the allegations contained in paragraphs "3", "4" and "5" of the Second Count of the Complaint.

## AS AND FOR THE DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Negligence, if any, on the part of the answering defendants was not the proximate cause of any injuries which may have been sustained by the plaintiff.

### SECOND SEPARATE DEFENSE

Damages or injuries, if any, sustained by the plaintiff were the result of actions of third parties, agencies or instrumentalities over whom the defendants exercised no control.

### THIRD SEPARATE DEFENSE

Damages, if any, were the result of the sole negligence of the plaintiff RODGER LECK.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred or, at the very least, the damages to which they are entitled are reduced by virtue of the doctrine of comparative negligence and the New Jersey Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1 et seq.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred or at the very least, plaintiff's damages must be reduced, by virtue of the Doctrine of Avoidable Consequences.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrine of Assumption of the Risk.

### SEVENTH SEPARATE DEFENSE

The answering defendants were not negligent.

### EIGHTH SEPARATE DEFENSE

The Complaint fails to state a cause of action for which relief may be granted.

### NINTH SEPARATE DEFENSE

Plaintiff failed to mitigate his damages.

### TENTH SEPARATE DEFENSE

Plaintiff's causes of action are barred by the equitable doctrines of laches and estoppel.

### ELEVENTH SEPARATE DEFENSE

Damages, if any, sustained by the plaintiff were not the foreseeable result of any actions and/or inactions of the answering defendants.

### TWELFTH SEPARATE DEFENSE

The Court herein lacks personal jurisdiction over the answering defendants as they were not properly served with the Complaint herein.

### THIRTEENTH SEPARATE DEFENSE

The negligence and/or contributory negligence of the plaintiff RODGER LECK was the sole and/or proximate cause of the alleged accident.

### FOURTEENTH SEPARATE DEFENSE

Damages sustained by the plaintiff, if any, were the result of an unavoidable accident over which the answering defendants had no control.

### FIFTEENTH SEPARATE DEFENSE

The damages sustained by the plaintiff, if any, were due to an act of God.

### SIXTEENTH SEPARATE DEFENSE

The negligence and/or contributory negligence of the plaintiff RODGER LECK was greater than the negligence of the answering defendants, although the defendants deny negligence.

### SEVENTEENTH SEPARATE DEFENSE

The answering defendants breached no duty owed to the plaintiff.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the provisions of the New Jersey Automobile Reparations Act, *N.J.S.A. 39:6A-1, et seq.*

### NINETEENTH SEPARATE DEFENSE

If the answering defendants are found to be negligent, which negligence is denied, plaintiff RODGER LECK's negligence was greater than the negligence of the answering defendants and the plaintiff is therefore barred from recovery.

### TWENTIETH SEPARATE DEFENSE

Plaintiff RODGER LECK's failure to employ available seatbelts either caused or enhanced his damages, and his recovery, if any, should be barred by his failure to wear a seatbelt in violation of *N.J.S.A. 39:3-76.2f.*

**WHEREFORE**, the answering defendants PETER KIBUNJA and MSAFIRI ENTERPRISES INC. demand judgment dismissing the plaintiff's Complaint; together with the

costs, attorneys' fees and disbursements incurred herein.

## JURY DEMAND

Defendants hereby demands a Trial by Jury of all justiciable issues herein.

## RESERVATION OF RIGHTS - FRIVOLOUS ACTION

The answering defendants hereby reserve the right to file an action based upon the provisions of *N.J.S.A.* 2A:15-59.1.

Dated: Atlantic Highlands, New Jersey
December 14, 2020

                              LAW OFFICES OF LORNE M. REITER, LLC
                              Attorneys for defendants
                              PETER KIBUNJA and MSAFIRI ENTERPRISES INC.
                              124 First Avenue
                              Atlantic Highlands, New Jersey 07716
                              732-747-9555

                              *Lorne M. Reiter*
BY:               _____
                              LORNE M. REITER